318

PERRY v. REEVES STEEL & MFG. CO.
(WEAN ENGINEERING CO., Inc.
Intervener).
Civ. No. 25062.

United States District Court
N. D. Ohio, E. D.
March 31, 1948.

William Isler and Fred Ornstein, both of Cleveland, Ohio, for plaintiff.

H. H. Hoppe, of Warren, Ohio, for defendant.

JONES, District Judge.

This is an action for patent infringement and was filed on July 8, 1947, naming the Reeves Steel & Manufacturing Company as defendant.

Motions of The Wean Engineering Company, Inc., and The Continental Foundry and Machine Company, Inc., to intervene as parties defendant in this case on the ground that they are manufacturers of the equipment which defendant Reeves uses and which plaintiff claims infringes on its letters patent, referred to as the Perry patent, were granted on December 2, 1947 and March 22, 1948, respectively.

The answers of the intervenors each adopt paragraphs (1) to (10) of the answer of defendant Reeves. Intervenor Wean, in addition, asks for a declaratory judgment to the effect that the Perry patent is invalid and not infringed and prays for an injunction "restraining plaintiff from further harassing" Wean's customers.

Plaintiff has filed a motion to strike paragraph 9 of intervenor Wean's answer on the ground that such defense is unavailable to an intervening defendant.

In the alternative, plaintiff moves the court to order the "intervening defendant (Wean) to limit his activity in the assertion of the defense encompassed by paragraph 9 of the answer to the scope of the activity permitted the original defendant in the suit in asserting the affirmative defense of laches."

Plaintiff urges that, while the defense of laches may be asserted by defendant Reeves, against plaintiff, such a defense is unavailable to an intervenor for the reason that laches is found to exist when, due to the inexcusable delay of one party in bringing an action, the other party has so changed its position that the assertion of

the delayed action would work a hardship on the other party. Plaintiff asserts that an intervenor may make any defense which the original defendant can offer but it may not strengthen the defendant's position by offering defenses applicable only to the intervenor, and urges that Wean's prayer for a declaratory judgment also makes its defense of laches inappropriate since, if plaintiff has been guilty of laches in not bringing an earlier action against Wean, it, Wean, also is guilty of laches in not sooner seeking the declaratory judgment and injunction.

■ It would appear that intervenor Wean's assertion that plaintiff is "barred by his laches from any relief in this action" is superfluous for the reason that plaintiff is not seeking relief from the intervenor but only from the defendant. If, after the intervention of Wean, plaintiff had amended his complaint to allege a cause of action against Wean and to ask for some sort of relief as against Wean, then, certainly, Wean could by way of defense against such claim and prayer for relief, urge laches. But since the plaintiff here asks nothing of Wean, there is no reason why Wean should assert laches against plaintiff.

■ Wean's statement on pages 3 and 4 of its answer brief discloses a misunderstanding of the doctrine of laches. If, in an action for infringement, the defendant successfully bars the plaintiff from relief because of plaintiff's laches, defendant does not thereby acquire the "right" to infringe on plaintiff's patent. Under the application of the doctrine of laches, the plaintiff might be barred from obtaining damages for past infringement or an injunction against future infringement, but, regardless of laches, the questions of validity and infringement of plaintiff's patent would be determinable at law. No authority is found for Wean's theory that laches on the part of a patent owner as to one party operates as a complete waiver of his patent rights as against any party who may be charged with infringement. No support is apparent for the theory that because a patentee may be barred from relief as against a vendor of an alleged infringing device because of laches, it fol-

lows that he is also barred from any relief as against a vendee.

Paragraph 9 of Wean's answer therefore is of no significance since plaintiff, thus far, is seeking no relief from Wean.

■ Under the circumstances, plaintiff's motion to strike will be overruled on the ground that no prejudice results to plaintiff since the defense of laches as between plaintiff and Wean cannot be used to bar any action by plaintiff against defendant. See Syllabi 7, 8 and 9 of Salem Engineering Co. v. National Supply Co., D.C., 75 F. Supp. 993.